UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RYAN J. STEIN,<br><br>    Defendant. | Case No. 05-cr-40033 -JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Ryan J. Stein's Motion for Transcripts (Doc. 304) and Motion for Order Directing Discharged Counsel Jeffrey Green to Return Defendant's File and Records (Doc. 301). In his Motion for Transcripts, Stein represents to the Court that he has now received his file from attorney Jeffrey Green with the exception of the transcripts prepared for his direct appeal. Therefore, the Court finds his earlier request for his files and records to be moot.

As for Defendant's Motion for Transcripts, the Court will deny the motion, but grants Stein leave to refile it to include the necessary information outlined below. Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618

F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Here, the facts outlined in Stein's Motion for Transcripts are sufficient to show that he has exhausted all other means of access to his transcripts. However, Stein must make a showing that he is financially unable to secure access to his court files and a further showing that his transcripts are required for some *specific* non-frivolous court action.

Therefore, the Court **DENIES as moot** the Motion for Order Directing Discharged Counsel Jeffrey Green to Return Defendant's File and Records (Doc. 301). The Court also **DENIES** the Motion for Transcripts (Doc. 304), but grants Stein leave to refile a motion meeting the requirements outlined above.

**IT IS SO ORDERED.**
**DATED: April 30, 2009.**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**